**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LELAND FOSTER,

        Plaintiff,

v.                                                                                     Case No. 6:14-cv-668-Orl-37KRS

DEAD RIVER CAUSEWAY, LLC,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Dead River Causeway, LLC's Motion to Dismiss and Memorandum of Law in Support (Doc. 12), filed May 20, 2014; and

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 17), filed June 4, 2014.

Upon consideration, the Court finds that Defendant's motion is due to be denied.

**BACKGROUND**

Plaintiff is a disabled individual who functions as a "tester" for the Americans with Disabilities Act ("ADA"). (Doc. 1, ¶ 4.) He has been "diagnosed with cerebral palsy and permanently uses a wheelchair for mobility." (*Id.*) His disability also inhibits his ability to use his hands. (*Id.*) On February 7, 2014, Plaintiff visited the Causeway Shopping Center in Satellite Beach, where he encountered several architectural barriers that inhibited his use and enjoyment of the goods and services therein. (*Id.* ¶¶ 13, 15–16.) Accordingly, Plaintiff brings this ADA discrimination action against Defendant, the owner of the property, seeking an injunction requiring removal of the barriers. (*Id.* ¶¶ 5, 19–30.)

Defendant moves to dismiss the Complaint for lack of standing and alternatively moves for a more definite statement. (Doc. 12.) Plaintiff opposes. (Doc. 17.) This matter is now ripe for the Court's adjudication.

## STANDARDS

To demonstrate standing and thus subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must show: (1) an injury-in-fact; (2) a causal connection between the injury-in-fact and the defendant's action; and (3) that the injury is redressable. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). To obtain injunctive relief, the plaintiff must also show that there is a real and immediate threat of future injury. *Id.* On a Rule 12(b)(1) facial challenge to subject matter jurisdiction, a court "must evaluate standing based on the facts alleged in the complaint, and . . . may not speculate concerning the existence of standing or piece together support for the plaintiff." *Id.* (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(e) "permits a party to move for a more definite statement when a pleading is so vague or ambiguous that the party cannot reasonably prepare a response." *Marshall v. Mayor & Alderman of Savannah*, 366 F. App'x 91, 101 (11th Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss the Complaint for lack of standing, arguing that Plaintiff has failed to adequately an allege injury-in-fact under Title III of the ADA.[1]

---

[1] Title III of the ADA prohibits owners of "place[s] of public accommodation" from discriminating against disabled persons by denying them equal access to their facilities. 42 U.S.C. § 12182(a). An owner's "failure to remove architectural barriers . . . where such removal is readily achievable" qualifies as discrimination. *Id.* § 12182(b)(2)(A)(iv). For standing purposes, when a person encounters a discriminatory barrier, he "has suffered

2

(Doc. 12, pp. 5–7.) Specifically, Defendant contends that Plaintiff has not properly alleged injury because he: (1) challenges barriers which would not have any effect on a person with Plaintiff's disabilities; and (2) has not alleged "actual knowledge" of the barriers identified in the Complaint. (*Id.*) The Court disagrees on both points.

First, while ADA plaintiffs "do not have standing to complain about alleged barriers which are not related to their respective disabilities," *Brother v. CPL Invs., Inc.*, 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004), the Court is not persuaded that the challenged barriers in this case would not have affected Plaintiff. Defendant's sole argument to the contrary is that "Plaintiff seeks injunctive relief relative to Defendant's failure to provide proper signage designating accessible parking spaces . . . [y]et, Plaintiff has not alleged that he suffers from any disability whereby his sight is affected." (Doc. 12, p. 6.) However, Defendant provides no authority for the proposition that a lack of accessible-parking signage affects only people with vision impairments. (*See id.*) Further, the ADA's implementing regulations plainly indicate the opposite: such signage ensures that accessible spaces are reserved for disabled individuals with mobility problems—like Plaintiff. *See* 28 C.F.R. § 36 App'x B (discussing the rationale behind the signage requirement and the related exemptions). Accordingly, Plaintiff has adequately alleged that the absence of accessible-parking signage affects him and amounts to an injury-in-fact for standing purposes.

Second, an ADA plaintiff lacks "actual knowledge" of an alleged barrier—and therefore lacks standing—only if the plaintiff has never actually encountered the barrier.

---

injury in precisely the form the statute was intended to guard against." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013).

*See Brother*, 317 F. Supp. 2d at 1368 (finding that plaintiffs lacked standing to challenge barriers in a hotel room that they never actually entered); *Resnick v. Magical Cruise Co.*, 148 F. Supp. 2d 1298, 1302 (M.D. Fla. 2001) (determining that plaintiffs who "filed suit after merely reviewing [the defendant's] website" lacked actual knowledge of the barriers and therefore lacked standing). Here, Plaintiff explicitly alleges that he personally encountered all of the enumerated barriers in the Complaint. (Doc. 1, ¶¶ 7, 15–16.) Plaintiff thus had actual knowledge of the barriers at issue, and Defendant's second argument is rejected.

Finally, Defendant moves for a more definite statement regarding the locations of the alleged barriers and the extent of Plaintiff's injuries. (Doc. 12, pp. 8–9 (citing Fed. R. Civ. P. 12(e)).) Defendant argues that the Complaint is "so vague and ambiguous that [Defendant] is unable to discern Plaintiff's precise claims." (*Id.* at 8.) The Court disagrees. Plaintiff alleges, *inter alia*, the nature of his disabilities, the date of his visit to Defendant's property, the general location of the alleged barriers that he encountered, the manner in which each alleged barrier fails to comply with the ADA, and a concrete date on which he plans to return to the facility. (*See* Doc. 1, ¶¶ 4–7, 12–30.) Those allegations are sufficient to put Defendant on notice of the nature of the claims against it. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005) ("In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability."); *see also Twombly*, 550 U.S. at 555 (observing that the pleading standard under Rule 8 does not require "detailed

factual allegations"). Defendant's motion for a more definite statement is therefore due to be denied.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Dead River Causeway, LLC's Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 15, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

---

[2] For the proposition that it "should not be forced to learn Plaintiff's allegations through discovery," Defendant inexplicably cites *Eye Care International v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000), and *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). (Doc. 12, p. 9.) In each case, the court denied a motion for a more definite statement after reciting the following language:

> [I]n the federal system, the rules of civil procedure employ the concept of notice pleading and motions for a more definite statement are not favored in light of the liberal discovery practice. A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond. Furthermore, *a motion for more definite statement is not to be used as a substitute for discovery*.

*Eye Care Int'l*, 92 F. Supp. 2d at 1316 (emphasis added) (citation and internal quotation marks omitted); *Campbell*, 836 F. Supp. at 832 (same). The Court agrees that motions for more definite statements should rarely be granted, and this case is no exception.

Counsel of Record